IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BPE, EVENT SOLUTIONS, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-1855 | |
| § | | |
| G.D. BARRI & ASSOCIATES, INC., § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This contract dispute is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 22] filed by Defendant G.D. Barri & Associates, Inc. ("Barri"). Plaintiff BPE Event Solutions, Inc. ("BPE") filed a Response [Doc. # 31] in opposition to the Motion, and Barri filed a Reply [Doc. # 37]. Having reviewed the full record and applied governing legal principles, the Court **denies** the Motion in most respects.[1]

## **I.    FACTUAL AND PROCEDURAL BACKGROUND**

In 2005, Hurricane Katrina struck the Gulf coast and caused devastating floods in the New Orleans area. Hundreds of thousands of people were evacuated from New

---

[1] Plaintiff in its Response does not contest Defendant's request for summary judgment on Plaintiff's claim for damages for lost profits and for loss of credit or damage to credit reputation. Indeed, it does not appear that Plaintiff asserts a claim for these damages in its First Amended Complaint [Doc. # 35]. As a result, the Court **grants** summary judgment in Defendant's favor on these two elements of Plaintiff's damages.

Orleans to Houston, Texas. The Red Cross and the Federal Emergency Management Agency ("FEMA") responded with aid for the evacuees. Shaw Environmental Group ("Shaw") received a contract from FEMA to provide employees to FEMA to help coordinate the administrative tasks, including data processing work, involved in coordinating and distributing the available aid.

Shaw subcontracted to Defendant Barri to provide the administrative employees, and Barri entered into a contract with BPE for BPE to hire and supervise hundreds of temporary employees to work at various evacuee-aid sites throughout Houston, including the Astrodome, the George R. Brown Convention Center, and at locations in Beaumont and Galveston. BPE began in early September 2005 to perform the responsibilities for which it was hired. This was over a month before a formal contract between it and Barri was written and executed in mid-October 2005. BPE developed a "sign-in sheet" procedure to document the hours worked by its employees at the various evacuee-aid locations.

Barri determined that there were discrepancies between the invoices BPE submitted and the supporting "source documents" for those invoices. Soon thereafter, Barri refused to pay any more invoices from BPE.

BPE then filed this lawsuit in Texas state court. BPE claims that Barri owes and balance of $201,703.90 for the unpaid invoices. Barri removed the case to federal

court asserting jurisdiction on the basis of diversity of citizenship. In its First Amended Complaint [Doc. # 35], BPE asserts a claim for breach of contract, fraud, and misrepresentation. BPE seeks "economic and actual damage" and attorney's fees. In its Counterclaim [Doc. # 33], Barri asserts causes of action for breach of contract, fraud, business disparagement, and violation of the Texas Deceptive Trade Practices Act.

The parties have conducted discovery, but the discovery deadline has been extended to August 8, 2008. Defendant's Motion has been fully briefed and is ripe for decision.

## II.   ANALYSIS

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *de la O v. Housing Auth.*, 417 F.3d 495, 501 (5th Cir. 2005). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. Rule 56(e). *Id.* The court

construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

Barri contends, with supporting evidence, that BPE failed to provide proper documentation to support its invoices for payment for hours worked by employees BPE provided to Barri.[2] Indeed, Barri contends that BPE hired employees at a rate lower than it billed to Barri for those employees and otherwise falsified work records for its employees. Barri argues that, as a result of BPE's failure to comply with the documentation provisions of the contract, it is not required to pay BPE for any outstanding billings.

BPE contends, with supporting evidence, that it was required to modify its billing records because Barri initially failed to provide accurate rates of pay for the data processing employees provided by BPE, and then frequently altered the pay rates for those employees. BPE has presented evidence that, although there were some discrepancies in the documentation of employees' hours, the documentation was fundamentally correct and supported the invoices it sent to Barri. BPE has presented evidence that Barri did not complain about the supporting documentation for the

---

[2]   The parties dispute the amounts billed by BPE to Barri and the amount of the current outstanding balance.

invoices until after BPE complained to Shaw that Barri was not paying BPE's invoices. BPE denies falsifying any documents.

Barri relies heavily on the testimony of former BPE employees Gwen Pearson and Ignacio Salas. BPE has presented evidence that challenges Pearson's and Salas's credibility, such as evidence showing that Pearson worked for BPE for less than one week and that she and Salas did not work for BPE at the same time.

BPE relies heavily on the affidavit of Sheila Phillips, but Barri has shown that the affidavit differs in some respects from Phillips's deposition testimony. For example, Phillips testified in her deposition that there were discrepancies that were not fully corrected, yet stated in her affidavit that the discrepancies were resolved.

The questions regarding the credibility of the parties' witnesses and the disputed evidence they have presented precludes summary judgment on the breach of contract issues, including those relating to Barri's affirmative defense of anticipatory repudiation.

With reference to Defendant's Motion for Summary Judgment on Plaintiff's claim for attorney's fees as unsupported by sufficient evidence, the Court denies the Motion. Plaintiff has stated that it intends to use its attorney as its expert on attorney's fees, and the deadline for Plaintiff's expert report on attorney's fees has been extended

to July 3, 2008. *See* Hearing Minutes and Order [Doc. # 32]. As a result, the request for summary judgment on Plaintiff's claim for attorney's fees is denied as premature.

### III. CONCLUSION AND ORDER

There are genuine issues of material fact in dispute, including issues regarding the credibility of each party's witnesses. Accordingly, summary judgment is not appropriate in this case and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 22] is **GRANTED IN PART AND DENIED IN PART** as stated herein. The parties are reminded that they are required to engage in mediation by August 22, 2008.

SIGNED at Houston, Texas, this 16th day of **May, 2008.**

_____
Nancy F. Atlas
United States District Judge