# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BPE, EVENT SOLUTIONS, INC., § | | |
|  Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-1855 | |
| § | | |
| G.D. BARRI & ASSOCIATES, INC., § | | |
|  Defendant. § | | |

## MEMORANDUM AND ORDER

This contract dispute is before the Court on the second Motion for Summary Judgment ("Motion") [Doc. # 47] filed by Defendant G.D. Barri & Associates, Inc. ("Barri"). Plaintiff BPE Event Solutions, Inc. ("BPE") filed a Response [Doc. # 48] in opposition to the Motion, and Barri filed a Reply [Doc. # 49]. Having reviewed the full record and applied governing legal principles, the Court **denies** the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Hurricane Katrina struck the Gulf coast and caused devastating floods in the New Orleans area. Hundreds of thousands of people were evacuated from New Orleans to Houston, Texas. The Red Cross and the Federal Emergency Management Agency ("FEMA") responded with aid for the evacuees. Shaw Environmental Group ("Shaw") received a contract from FEMA to provide employees to help coordinate the administrative tasks, including data processing work, involved in coordinating and

distributing the available aid. Shaw subcontracted to Defendant Barri to provide the administrative employees, and Barri entered into a contract with BPE for BPE to hire and supervise hundreds of temporary employees to work at various evacuee-aid sites.

BPE alleges that Barri has refused to pay invoices totaling $201,703.90. Barri claims that it refused to pay the invoices because there were discrepancies between the invoices BPE submitted and the supporting "source documents" for those invoices.

In this second Motion for Summary Judgment, Barri argues that Plaintiff has no evidence to support its claim for $201,703.90 in damages for the alleged breach of contract. The Motion has been fully briefed and is ripe for decision.

## II.   ANALYSIS

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*,

293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)).  The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Nat'l Union*, 532 F.3d at 401.

Barri argues that BPE has not presented evidence to raise a genuine issue of material fact in support of its claim for damages.  In its Response, BPE submitted copies of the unpaid invoices totaling $201,703.90.  *See* Exh. 20 to BPE's Response. BPE also submitted the affidavits of Sheila Phillips (President of BPE), Guy Rivers (BPE Project Site Manager), and Simon Patrice (Auditor of payments from Barri to BPE).  *See* Exhs. 2-4 to BPE's Response.  Each of these witnesses state in their affidavit that there remains an unpaid balance of $201,703.90.  *See id.*, ¶ 32.

Barri contends that the Court cannot consider the unpaid invoices because they are not properly authenticated.  The summary judgment evidence is not required to be in a format that would be admissible at trial, but the party offering the summary judgment evidence must be able to prove the underlying facts at trial with admissible evidence.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).  "In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form."  *Tullous v. Texas*

*Aquaculture Processing Co.*, 579 F. Supp. 2d 811, 817 (S.D. Tex. 2008) (citing *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987)). The invoices, however, are likely admissible, even if not currently in admissible form. For example, BPE could present testimony at trial authenticating and verifying the accuracy of the unpaid invoices. *See, e.g., Mackey v. Owens*, 182 F.3d 915, 1999 WL 423077, * 1 (5th Cir. June 2, 1999). Alternatively, the invoices could be admissible at trial as business records under Rule 803(6) of the Federal Rules of Evidence. *See, e.g., Love*, 230 F.3d at 776.

Barri also challenges the affidavits because they do not include the sentence "The work represented on the invoices was actually performed" or language to that effect. Sheila Phillips states that, when there were any discrepancies, she personally reviewed the sign-in sheets and verified the payroll information. *See* Phillips Aff., Exh. 2 to BPE's Response, ¶ 5. Phillips also denies Barri's challenges to the accuracy of the sign-in sheets. *See id.*, ¶ 38. All three witnesses state, under oath and based on personal knowledge, that the balance due to BPE is $201,703.90. *See* Affidavits, Exhs. 2-4 to BPE's Response, ¶ 32.

BPE has presented admissible evidence, albeit in a form that is not currently admissible, that there remains an unpaid balance of $201,703.90 due from Barri to BPE for work performed under the parties' contract. As a result, Plaintiff has

demonstrated the existence of a genuine question of material fact and summary judgment is not appropriate.

### III.  CONCLUSION AND ORDER

BPE has presented evidence to raise a genuine issue of material fact regarding whether Barri owes it damages for breach of contract and, if so, the precise amount of those damages.  Accordingly, summary judgment is not appropriate in this case and it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 47] is **DENIED**.  The parties are reminded that they are required to engage in mediation by January 15, 2009.

SIGNED at Houston, Texas, this 9th day of **January, 2009.**